**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| SHAMARIAN UNBARE SCOTT HAYWOOD, | |
| Plaintiff, | |
| v. | CAUSE NO. 2:26-CV-098-TLS-AZ |
| NIECY GORE, KIMMEL, PARIS, CUMMINGS, MEDLEN, LAKE COUNTY INDIANA SHERIFF OFFICE, OSCAR MARTINE JR, MANCHANGA, JOE DOE, JOHN DOE, JOHN DOE, ELAINE, | |
| Defendants. | |

**OPINION AND ORDER**

Shamarian Unbare Scott Haywood, a prisoner without a lawyer, filed an amended complaint naming twelve defendants and raising seemingly unrelated claims. ECF 4. He sues Lt. Niecy Gore for allegedly denying him access to the law library. He sues Sgt. Kimmel for "lack work ethic and making fun of my mental health." *Id*. at 2. He sues Officer Paris for pointing a Taser at him and failing to get him medical help. He sues Officer Cummings for exhibiting excessive force by placing handcuffs on Haywood too tightly and twisting his arm during a suicide attempt. He sues Officer Medlen for failing to protect him. He sues the Lake County Sheriff's Office for allegedly having unconstitutional policies in place that threaten the safety of inmates and label/classify them incorrectly. He sues Sheriff Oscar Martinez and Warden Manchanga for being the "main supervisor[s]" at the Lake County Jail. *Id.* at 3. He sues Officer Doe for "being aware" that Officer Cummings had twisted his hand and for not following protocol when he packed up Haywood's personal items. He sues a different Officer Doe for stealing his glasses and for whispering, "Your (sic) not really suicidal and snatch[ing] ear plugs

out." *Id*. He sues a third Officer Doe for "being aware that the officers where (sic) putting his hand on me in a sneaky way." *Id*. at 5. He sues Nurse Elaine for not providing him with medical care in response to his concerns about "black mold" and his breathing issues. *Id*.

It is unclear how these claims are related other than they all happened to him at the Lake County Jail.[1] "A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "[U]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a pro se prisoner files a suit with unrelated claims, the court has several options. *Wheeler*, 689 F.3d at 683. It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case—as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

Accordingly, Haywood needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file a second amended complaint on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form including only a discussion of those related claims and defendants. He needs to explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured—providing relevant facts about what occurred. He

---

[1] Some of the claims appear to involve one or more suicide attempts and the events that subsequently transpired, but Haywood's allegations are simply too vague to determine whether they are related. If he files an amended complaint, he needs to clearly state what happened to him, when it happened, and who did what.

2

should not write about other events and conditions at the jail that are not directly related to the

claim against the named defendant or defendants. If he wants to pursue any other unrelated

claims, Haywood must file a separate complaint for each group of unrelated claims. Each

complaint will be assigned a new case number and proceed as an independent case, subject to the

usual filing fee, costs, and constraints of the Prisoner Litigation Reform Act.

For these reasons, the court:

(1) STRIKES the complaint (ECF 4) but it will remain part of the public record;

(2) GRANTS Shamarian Unbare Scott Haywood until **May 8, 2026**, to file a

second amended complaint as described above; and

(3) CAUTIONS Shamarian Unbare Scott Haywood that if he does not respond by

the deadline—or if he files a second amended complaint with unrelated claims—the court will

select one claim or group of related claims and dismiss the others without prejudice.

SO ORDERED on April 13, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT