**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

SHAMARIAN UNBARE SCOTT
HAYWOOD,

      Plaintiff,

          v.                   CAUSE NO. 2:26-CV-098-TLS-AZ

NIECY GORE,

      Defendant.

**OPINION AND ORDER**

Shamarian Unbare Scott Haywood, a prisoner without a lawyer, was ordered to file a

second amended complaint by May 8, 2026, containing only related claims. ECF 7. He was

cautioned that if he did not respond by the deadline—or if he filed a second amended complaint

with unrelated claims—the court would select one claim or group of related claims and dismiss

the others without prejudice. *Id*. at 3. Haywood has failed to respond. Because his claims are so

varied and cover a wide variety of topics (*see generally* ECF 4; *see also* ECF 7 at 1–2), the court

will proceed to screen only the allegations regarding the first defendant listed in the amended

complaint and will dismiss the rest without prejudice. *See Wheeler v. Wexford Health Sources,*

*Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (explaining the judge may direct plaintiff to "file separate

complaints, each confined to one group of injuries and defendants").

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint

and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief against a defendant who is immune from such relief.

The allegations, in full, against Lt. Niecy Gore are as follows:

> I Shamarian Haywood is sueing L.T. Gore for giving false orders to Mrs. Johnson the supervisor over law library. Defendant (1) L.T. Gore rejected me access to law library where I have to study my case for my freedom 'saying you can't go to law library cause you don't know how to read.' Defendant (1) also said my order is not valid on August 5, 2025, lake county judge Natalie Bokota granted me access/ordered me go to law library because I have awaiting trial and also filed in open court. I am sueing L.T. Gore (1) for not obeying the order of my judge Natalie Bokota under rules and protocol of the Lake County Sheriff. I find it hard to believe they is not held to same standard and held in <u>content</u> or court.

ECF 4 at 2 (verbatim).

Prisoners are entitled to "meaningful access to the courts." *Bounds v. Smith*, 430 U.S.

817, 824 (1977). "The right of access to the courts is the right of an individual, whether free or

incarcerated, to obtain access to the courts without undue interference." *Snyder v. Nolen*, 380

F.3d 279, 291 (7th Cir. 2004). Denial of access to the courts must be intentional; "simple

negligence will not support a claim that an official has denied an individual of access to the

courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a

violation of the right to access the courts, an inmate must show that unjustified acts or conditions

(by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous

legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or

harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate

the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access

to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In

other words, "the mere denial of access to a prison law library or to other legal materials is not

itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the

defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

As a general matter, Haywood's allegations against Lt. Gore are simply too vague to state a plausible claim. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted).

Here, Haywood has not plausibly alleged the conduct of Lt. Gore has prejudiced a potentially meritorious legal claim. He vaguely refers to having to "study my case for my freedom," which the court presumes refers to a criminal case, but he does not provide any relevant details or describe it in a way that would enable the court to determine whether any claims or defenses related to it are potentially meritorious. He mentions he is "awaiting trial," but he does not explain whether he is represented by counsel, what documents/information he needs from the law library for his trial, why he needs it, or if the information he is seeking can be obtained another way (*e.g.,* via counsel). Importantly, Haywood does not allege he was or is being prevented from filing any necessary motions or that he will lose the case because of Lt.

3

Gore's actions. "Speculative prejudice is not enough for an 'actual injury.'" *Hertel v. Miller-Lewis*, 695 F. App'x 957, 961 (7th Cir. 2017) (citing *Rossi v. City of Chicago*, 790 F.3d 729, 736 (7th Cir. 2015)). "To establish an access-to-the-courts violation, [the plaintiff] must show that he was kept from filing a complaint or that he actually lost a case because of the defendants' intentional actions." *Id.* (citing *Marshall*, 445 F.3d at 969 and *Snyder*, 380 F.3d at 292 (Easterbrook, J., concurring)).

In this case, it is clear that Haywood is able to communicate with the court(s), as he filed this lawsuit. Moreover, although "a prisoner's simple ability to file a complaint is not dispositive," Haywood does not plausibly allege Lt. Gore's refusal to allow him to visit the law library thwarted his ability to present a meritorious defense related to his criminal case or to litigate any other meritorious claim. *Marshall*, 445 F.3d at 969; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law.") (emphasis in original)).

Moreover, the fact that Lt. Gore allegedly disobeyed a state court order and/or failed to follow the protocol of the Lake County Sheriff's Department with regard to law library access does not state a constitutional claim. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"); *Conner v. Hoem*, 768 F. App'x 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations." (citing *Garcia v. Kankakee Cnty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002))).

4

Accordingly, the amended complaint does not state any claims for which relief can be granted. If Haywood believes he can state a claim based on (and consistent with) the events described in this complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available online. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. Haywood is reminded that this lawsuit must only contain claims related to Lt. Gore and/or the denial of access to the courts allegations described above. If he wants to pursue any other unrelated claims, Haywood must file a separate complaint for each group of unrelated claims. Each complaint will be assigned a new case number and proceed as an independent case, subject to the usual filing fee, costs, and constraints of the Prisoner Litigation Reform Act.

For these reasons, the court:

(1) DIRECTS the clerk to separately re-docket ECF 4 as the amended complaint;

(2) DISMISSES Sgt. Kimmel, Correctional Officer Paris, Correctional Officer Paris, Correctional Officer Cummings, Correctional Officer Medlen, Lake County Indiana Sheriff Office, Sheriff Oscar Martine, Jr., Warden Manchanga, Correctional Officer John Doe #1, Correctional Officer John Doe #2, Correctional Officer John Doe #3, and Nurse Elaine;

(3) DISMISSES WITHOUT PREJUDICE all claims unrelated to Lt. Niecy Gore and/or the alleged denial of access to the courts;

(4) GRANTS Shamarian Unbare Scott Haywood until **July 13, 2026**, to file a second amended complaint as described above; and

(5) CAUTIONS Shamarian Unbare Scott Haywood if he does not do so by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current amended complaint does not state any claims for which relief can be granted.

SO ORDERED on June 1, 2026.

s/ Theresa L. Springmann
JUDGE THERERSA L. SPRINGMANN
UNITED STATES DISTRICT COURT

6